Law Offices
**HINSHAW & CULBERTSON LLP**
2375 E. Camelback Rd.
Suite 750
Phoenix, AZ 85016
602-631-4400
602-631-4404
raoyama@hinshawlaw.com
bdunn@hinshawlaw.com

Randy J. Aoyama (020096)
Bradley L. Dunn (028897)
Attorneys for Defendant Shinn (Count IV only)

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Cory Everett Lewis,<br><br>    Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Defendants. | No. CV-19-05349-JAT-DMF<br><br>**DEFENDANT SHINN'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendants Shinn ("Defendant"), for his answer and affirmative defenses to Plaintiff's Second Amended Complaint, admits, denies and states as follows:

**A. JURISDICTION**

1. In answering Section A, Paragraph 1 of Plaintiff's Second Amended Complaint, Defendant admits that the Court has jurisdiction over Plaintiff's 42 U.S.C. §1983 claims but denies any remaining jurisdictional allegations in the Second Amended Complaint.

2. In answering Section A, Paragraph 2 of Plaintiff's Second Amended Complaint, Defendant admits that Plaintiff is currently housed at the Arizona State Prison Complex ("ASPC") - Eyman Complex – SMU I in Florence, Arizona. Defendant denies

that he violated Plaintiff's constitutional, statutory, or any other legal rights anywhere or at any time.

### B. DEFENDANTS

In answering Section B, paragraphs 1-5 of Plaintiff's Second Amended Complaint, Defendant admits only that he is currently the Director of the Arizona Department of Corrections ("ADC"). Defendant is without sufficient information and/or knowledge to form a belief as to the truthfulness of any assertions and allegations contained therein and, therefore, denies the same.

### C. PREVIOUS LAWSUITS

In answering Section C, Paragraph 1 and 2 of Plaintiff's Second Amended Complaint, Defendant is without sufficient information and/or knowledge to form a belief as to the truthfulness of any assertions and allegations contained therein and, therefore, denies the same.

### D. CAUSE OF ACTION
#### COUNT I

In response to the allegations contained in Count I of Plaintiff's Second Amended Complaint, Defendant states that he is separately represented for Count I, so he re-asserts the previous responses, and joins in any further responses, to Plaintiff's allegations in Count I.

#### COUNT II

In response to the allegations contained in Count II of Plaintiff's Second Amended Complaint, Defendant states that he is separately represented for Count II, so he re-asserts the previous responses, and joins in any further responses, to Plaintiff's allegations in Count II.

2889\306782286.v1

## COUNT III

In response to the allegations contained in Count III of Plaintiff's Second Amended Complaint, Defendant states that he is separately represented for Count III, so he re-asserts the previous responses, and joins in any further responses, to Plaintiff's allegations in Count III.

## COUNT IV

1. In answering Count IV, Paragraph 1 of Plaintiff's Second Amended Complaint, Defendant denies that he violated any of Plaintiff's constitutional or other federal civil rights including, but not limited to, any rights under the Eighth Amendment.

2. In answering Count IV, Paragraph 2 of Plaintiff's Second Amended Complaint, Defendant denies that he deprived Plaintiff of basic necessities.

3. In answering Count IV, Paragraph 3 of Plaintiff's Second Amended Complaint's unnumbered paragraphs, Defendant states that to the extent that the paragraphs contain opinions or conclusions of law, no response is required. To the extent that responses are required, Defendant denies all of the material allegations therein that are directed toward him. Defendant specifically denies that he violated any of Plaintiff's constitutional or other federal civil rights including, but not limited to, any rights under the Eighth Amendment. Defendant further asserts that all menus designed for the ADC outline nutritionally adequate meals pursuant to the specifications, directives and guidelines of the ADC. Defendant denies any factual allegation not specifically admitted.

4. In answering Count IV, Paragraph 4 of Plaintiff's Second Amended Complaint, Defendant denies all of the material allegations therein and specifically denies that he caused Plaintiff to suffer any injuries.

5. In answering Count IV, Paragraph 5 of Plaintiff's Second Amended Complaint, Defendant denies that Plaintiff completely and properly exhausted available administrative remedies.

## REQUEST FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested in Section E of Plaintiff's Second Amended Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation of Plaintiff's Second Amended Complaint not specifically admitted or otherwise pled to herein.

## AFFIRMATIVE DEFENSES

Defendant has undertaken, in good faith, to list all of the defenses that he may have with respect to Plaintiff's claims as described in the Second Amended Complaint. Defendant reserves the right to reevaluate, restate and/or delete defenses and/or to assert additional defenses as further information and documentation is obtained. Further, by characterizing the following as defenses Defendant does not admit that he bears the burden of proof on any of the issues raised by such defenses.

Further, as Defendant is separately represented for Counts I – III, he re-asserts the previous affirmative defenses, and joins in any further affirmative defenses to Plaintiff's Second Amended Complaint.

Subject to and without waiving the foregoing limitations and reservations, Defendant identifies the following defenses upon which he may rely in this action:

1. Defendant denies that he violated any of Plaintiff's rights pursuant to the U.S. Constitution, the Eighth Amendment, the Fourteenth Amendment, any federal statute, the Arizona Constitution, any ADC rules or regulation or any Arizona State laws.

2. Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted under Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure.

3. Plaintiff's claims is barred for failure to exhaust administrative remedies as required by law. This will be developed during discovery.

4. Plaintiff lacks standing because he has suffered no actual or concrete injury as a result of the conduct alleged in Count IV of the Second Amended Complaint.

5. Plaintiff's claimed injuries and damages are the result of Plaintiff's own conduct and not the conduct of Defendant.

6. Plaintiff's damages, if any, must be set off by the amount received from others.

7. Plaintiff's claims are barred by the applicable statutes of limitation.

8. Plaintiff's claims are barred by the doctrine of laches.

9. All of the causes of action alleged in the Second Amended Complaint are barred by the doctrine of estoppel.

10. Plaintiff has waived any and all claims, rights, and demands that Plaintiff had or may have against Defendant, and any claims asserted by Plaintiff herein are subject to that waiver.

11. In the event Plaintiff has incurred compensable damages, which Defendant denies, such damages should be reduced to the extent Plaintiff's alleged damages, if any, are the result of his failure to mitigate damages.

12. If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct or intervening acts of Plaintiff or others, and not by Defendant.

13. Defendant did not subjectively know of and consciously disregard a significant and unreasonable risk of harm to Plaintiff, causing injury to Plaintiff.

14. Defendant denies that he failed to perform any duty required by law.

15. Defendant did not fail to provide Plaintiff with basic necessities.

16. Defendant did not expose Plaintiff to cruel and unusual punishment.

2889\306782286.v1

17. Defendant asserts and invokes 42 U.S.C. §1997(e)(a)-(h) to the extent applicable.

18. Defendant asserts and invokes 28 U.S.C. §1915(g) to the extent applicable.

19. Plaintiff has failed to state a proper claim under 42 U.S.C § 1983 against as Defendant, including his failure to identify the deprivation of any valid right secured by the Constitution or laws of the United States.

20. Plaintiff has failed to state a proper claim under 42 U.S.C § 1983 as against Defendant, including his failure to identify that any deprivation of rights was caused by a person acting under the color of state law.

21. Plaintiff has failed to state a proper claim under 42 U.S.C § 1983 as against Defendant, including his failure to identify any valid denial of humane conditions of confinement.

22. Plaintiff has failed to state a proper claim under 42 U.S.C § 1983 as against Defendant, including his failure to identify any valid substantial risk of serious harm which Defendant knew of and disregarded by failing to take reasonable measures to abate.

23. Plaintiff's claims are barred pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) because Plaintiff cannot show a policy, practice, or custom that was the moving force behind an alleged violation or that Defendant promulgated the same as supervisory officials.

24. Plaintiff's claims are barred because Defendant cannot be held liable for the acts of others under a theory of respondeat superior. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

25. Alternatively, Defendant is entitled to all privileges and immunities extended to governmental entities under federal and state law, including qualified immunity.

2889\306782286.v1

26. The claims contained in the Second Amended Complaint against Defendant are frivolous, malicious, fail to state a claim upon which the Court may grant relief and/or seek monetary relief from defendants who are immune from such relief and, therefore, is subject to dismissal pursuant to 28 U.S.C. §1997e(c)(1) and (2).

27. Any request for compensatory damages premised on mental and/or emotional injuries is barred by 42 U.S.C. §1997e(e).

28. Plaintiff is not entitled to punitive damages vis-à-vis Defendant because the alleged acts, omissions or failures to act by Defendant, which are specifically denied, were not undertaken based on an evil motive or intent or a reckless or callous disregard for the Plaintiff's constitutional rights.

29. At all times pertinent to this action, Defendant acted in good faith and in belief that his actions were in accordance with the United States Constitution, the laws of the United States of America and the laws of Arizona.

30. Defendant alleges that the claims asserted by Plaintiff may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. To the extent which Plaintiff's claims may be barred by one or more of the affirmative defenses not specifically cited above, which cannot be determined until there has been further discovery, Defendant incorporates all such affirmative defenses set forth in, or contemplated by, Rule 8(c).

**CONCLUSION**

WHEREFORE, having fully answered Plaintiff's Second Amended Complaint, Defendant requests the following relief:

1. Dismissal of Plaintiff's Second Amended Complaint, with prejudice and that Plaintiff takes nothing thereby.

2. Judgment in favor of Defendant against Plaintiff.

2889\306782286.v1


3. An award of costs and reasonable attorney's fees incurred, pursuant to 42 U.S.C. § 1988.

4. Such other relief as the Court may deem just and proper.

DATED this 12th day of October, 2020.

HINSHAW & CULBERTSON LLP

/s/ Randy J. Aoyama
Bradley L. Dunn
Randy J. Aoyama
Bradley L. Dunn
*Attorneys for Defendant Shinn (Count IV only)*

# CERTIFICATE OF SERVICE

I certify that on the 12th day of October, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Roger W. Hall
Office of the Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004-1592
*Attorneys for Defendants Ryan, Shinn and Scott*

**COPY mailed same date to:**

Cory Everett Lewis #311282
Florence AZ-Eyman-ASPC-SMU-I
SMU I Unit
P.O. Box 4000
Florence, AZ 85132
*Plaintiff Pro Se*

By /s/ Tammy Rivera

2889\306782286.v1